CASPER J. RANKIN (CA SBN 249196)
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17933
SAN DIEGO, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: crankin@piteduncan.com

Attorneys for Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>RICHARD HARLAN CONEY AND ANNIS JOY CONEY,<br><br>Debtors. | Case No. 10-49772<br><br>Chapter 13<br><br>**STIPULATION RE: LOAN MODIFICATION AGREEMENT** |

This Stipulation Re: Loan Modification Agreement ("Stipulation") is entered into by and between Richard Harlan Coney and Annis Joy Coney (hereinafter collectively referred to as "Debtors") by and through their attorney of record, The Law Offices of Patrick L. Forte; the Chapter 13 Trustee, Martha G. Bronitsky; and JPMorgan Chase Bank, National Association (hereinafter referred to as "Creditor"), by and through its attorneys of record, Pite Duncan, LLP.

## RECITALS

A.      Richard Coney (individually referred to as "Borrower") is the maker of a Note in favor of Paul Financial, LLC (hereinafter referred to as "Lender") dated February 5, 2007, in the original principal amount of $360,000.00, which is secured by a Deed of Trust encumbering the real property at 3720 Gladstone Drive, Pittsburg, California 94565 (the "Subject Property"). The Note and Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B.      Subsequently, all rights, title and interest in the Subject Loan were transferred to Creditor.

/././

C. On or about August 26, 2010, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California - Oakland Division, and were assigned Case No. 10-49772.

D. On or about October 4, 2010, Creditor filed a Proof of Claim on account of the Subject Loan reflecting outstanding pre-petition arrears in the amount of $9,933.44.

E. On or about December 9, 2010, the Court entered an order confirming the Debtors' Chapter 13 Plan.

F. Creditor has agreed to modify the Subject Loan pursuant to the terms set forth in the document attached hereto as **Exhibit A**.

**THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1. The automatic stay of 11 U.S.C. § 362 shall be modified to allow Creditor to offer and provide Debtors with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, to enter into such an agreement with Debtors, and to record any such agreement with the appropriate county recorder's office;

2. Debtors shall file a motion to modify their Chapter 13 Plan to reflect the terms of the loan modification agreement within thirty (30) days of the date of entry of the order approving this Stipulation;

3. The loan modification agreement shall be effective upon the entry of an order approving this Stipulation and an order approving the Debtors' modified Chapter 13 Plan that reflects the loan modification agreement or, alternatively, upon the dismissal of the Debtors' bankruptcy case; and

/./././
/./././
/./././
/./././
/./././
/./././

4. Upon entry of the order approving this Stipulation, the Chapter 13 Trustee shall cease making any payments in regard to Creditor's claim filed in this bankruptcy case.

**IT IS SO STIPULATED:**

Dated: 5/26/11   By: /s/ Anne Y Shiau
                     Anne Y Shiau
                     Attorney for Richard Harlan Coney and Annis Joy Coney

PITE DUNCAN, LLP

Dated: 7/1/11    By: /s/ Casper J. Rankin
                     CASPER J. RANKIN
                     Attorney for JPMorgan Chase Bank, National Association

**APPROVED AS TO FORM**

Dated: 6/24/11   By: /s/ Martha G. Bronitsky
                     MARTHA G. BRONITSKY
                     Chapter 13 Trustee

> The Standing Trustee's signature represents that the Standing Trustee asserts no interest in the asset, which is the subject of this stipulation for re: loan modification agreement. The Standing Trustee's signature is affixed on the condition that the debtor agrees to the terms herein, and that debtor has been fully advised by debtor's counsel. The signature of counsel for the debtor signifies the foregoing condition.